CUTRER, Judge.
This is an expropriation suit involving a taking for highway purposes under the provisions of LSA-R.S. 48:441 et seq. The Department of Highways appeals from the trial court’s award contending that the award is excessive.
We amend and affirm.
The record reflects that Edmond E. Talbot was the owner of a tract of land containing approximately 18 acres fronting 868 feet along U.S. No. 190 in a rural area near Hammond, Louisiana. The Department expropriated a strip of land 20 feet wide along the front which flared out to 150 feet wide as it reached the corner of the property. The expropriated property contained .526 acres. The property was used as a rural homesite by Talbot. Located within the expropriated property were wire fences, a small house, a cattle guard, two entrance pilasters and shrubbery consisting principally of bamboo. The property was highly landscaped and, in addition to plants and shrubbery, was interspersed with pine trees. Mr. Talbot’s residence was situated approximately 600 feet away from the highway. The Department deposited $9,226.00 representing the value of the land and improvements expropriated, which deposit was withdrawn by Talbot without prejudice. Talbot answered the petition seeking $15,000.00 “to cover the overall damages” plus attorney fees, less the $9,226.00 previously paid.
Without written reasons, the trial court rendered judgment for- the sum of $13,226.-00. The Department has appealed seeking a reduction of the award.
The assignment of errors are as follows:
“1. The trial court erred in awarding defendant $4,000 in excess of the deposit. There is no evidence to support or justify such an award. In fact, it is not pos *607 sible to determine what the award is intended to cover. Just compensation in this case should not exceed the $9,226 deposited.
"2. The trial court erred in taxing the Highway Department with costs.”
The Department called two expert appraisers : Mr. Edward J. Deano and Mr. Darryl B. Willet. Mr. Deano appraised the property taken at $2,250.00 per acre. He then calculated the part taken, .526 acres, as having a value of $1,184.00. Using the market data approach, Deano testified that he used three sales, as the most comparable transfers, in estimating the value of the property taken. These compara-bles were as follows :
(1) Glynn Thompson to Lloyd Wiggins, sold on July 7, 1959, 5 acres of undeveloped pine land fronting 367 feet on U.S. No. 190 and 600 feet in depth, for a price of $600.00 per acre.
(2) Ardys Robinson to Ward Davis, sold on September 10, 1963, 17 acres of undeveloped pine land fronting on U.S. No. 190, for a price of $500.00 per acre.
(3) John Barnett to Charles Landry, sold on May 25, 1960, 18.2 acres fronting on the north side of U.S. No. 190 for a price of $1,071.00 per acre.
The first two comparables were approximately one-half mile away from subject property and the last one was just across a road from the Talbot acreage. Deano testified that he considered all three as being high indicators of the value of the subject property but the one used as the most reliable or highest indicator was the third comparable which was similar in size and across a road from the subject property. Considering the time that had elapsed between the comparable sales and the time of the taking, three and one half years approximately, Deano adjusted the value of subject property upward by 100 per cent above the highest comparable, estimating the value of the subject property at $2,250.00 per acre, or $1,184.00 for the property taken.
Substantially the same comparables were used by Willet in his estimation of the value of the subject property. After making adjustment for time, he valued the subject property at $2,150.00 per acre, or $1,131.00 for the property taken.
Estimated values by Deano of the improvements taken were as follows: small residence needing repair, depreciated value $3,478.00; fencing, driveway, stone entrance $564.00, for a ’total of $4,042.00 for the depreciated value of improvements. An estimate of $3,000.00, as a cost of cure for the shrubbery taken was also allowed by Deano. $1,000.00 was later added for the value of an expropriated cattle guard. The total of Deano’s estimate for the property and improvements was $9,226.00, the amount deposited. Deano concluded that there was no diminution of value of the remainder by virtue of the taking.
Willet concluded that the value of the improvements taken were as follows: depreciated value of small residence $3,900.-00; fencing $334.00; driveway $83.00; for a total of $4,392.00 for the depreciated value of improvements. The sum of $1,000.00 was later added for the replacement value of the cattle guard. Willet concluded that the removal of the shrubbery along the front diminished the value of the remainder by $2,500.00. He, therefore, allowed $2,500.00 as severance damage. His total value of the property and improvements taken plus damages was $9,023.00.
No expert testimony was presented by defendant. The testimony of Mr. Talbot was the only testimony presented by defendant. He testified that he purchased "the property in 1952 for $44,000.00. At one point he stated he had a total of $100,000.00 invested in the property, at another point he estimated that he had spent a total of $300,000.00 on the property. It is needless to say that this testimony *608 presents no basis for the evaluation of the subject property.
Over the objection of counsel for the Department, Mr. Talbot was allowed to testify to the replacement costs of the residence which had been taken. He stated that he built a new residence, after the taking, for a cost of $7,122.31. He further testified to replacement costs for the two entrance pilasters, roadway construction, shrubbery planted along the front and the building of a new fence along the front. He stated his total expenditure was $10,158.99 for replacement costs, including the small residence.
The objection by the Department counsel, to the testimony concerning the new replacement costs of the improvements, should have been sustained as inadmissible. In the case of State, Department of Highways v. Matise, 170 So.2d 709 (La.App. 1st Cir. 1964) it was held as follows :
“It is abundantly clear in our jurisprudence that the value of the improvement taken, and not the replacement cost of a similar but new improvement, is the proper measure of compensation.”
 An examination of the testimony of the experts presented by the Department reflects that their evaluations were reasonable and were grounded upon comparables which were material indicators, with adjustments for time, of the property value. The trial judge’s award of $4,000.00 above the highest of these two appraisers is without any justification contained in the record. Without written reasons, we are not able to ascertain whether the trial judge substituted his personal opinion for that of the expert appraisers as to value of the land or whether he accepted the new replacement costs of Talbot over the depreciated values of improvements given by the experts. Regardless of whether he based his increase on one or the other of these conclusions, his increase would be error. A trial judge in an expropriation suit cannot substitute his personal opinion for that of the expert appraisers with regard to the value of the property taken. State, Department of Highways v. Thurman, 231 So.2d 692 (La.App. 1st Cir. 1970). The trial judge was in error for allowing the additional $4,000.00 to defendant.
For the foregoing reasons the judgment of the lower court is amended to reduce the total award to the sum of $9,226.00. Defendant is to pay all costs of court.
Amended and affirmed.